# In the United States Court of Federal Claims

No. 18-848C
(Filed November 30, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
T.-A. DARLING, et al.,          *
                                *
              Plaintiffs,       *
                                *
    v.                          *
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
                                *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    This case was filed *pro se* on June 13, 2018, by Tomery A. Darling. Plaintiff asserts (on behalf of herself, her two minor children, and the purported estate of her former married name) a number of claims against employees of the Departments of Child Support Services of two California counties and other California state, county, and municipal actors for, *inter alia*, conspiring to create and collect child support debts. *See* Complaint (Compl.), ECF No. 1.[1] The government has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). *See* Mot. to Dismiss at 1 (Def.'s Mot.), ECF No. 7. Because Ms. Darling has failed to state a claim for relief that falls within this court's jurisdiction, the government's motion to dismiss this case must be **GRANTED**.

---

[1] Though not involving the federal government, this case is captioned as against the United States, in accordance with the rules of this Court. *See* Notice of Non-ECF Case at n.1, ECF No. 4.

## I. BACKGROUND

In a complaint that spans 85 pages (and an "Original Bill Appendix" spanning 74 pages), plaintiff demands a jury trial and seeks $132,000,000.00 in damages, injunctive relief, and declaratory relief against over 500 named and unnamed defendants including California state employees, private individuals, and several state agencies and municipalities. Compl. at 1 & ¶¶ 7–14, 23–133. She does not, however, name the United States as defendant. *See* Compl. Despite the complaint's impressive length, Ms. Darling's allegations are far from clear. The crux of her complaint appears to be that, after her divorce on November 5, 2010, the terms of an order addressing custody and support for her minor children were modified by a state court. *Id.* ¶¶ 134–35, 138–39, 144, 147–49. In March and April 2015, Ms. Darling indicates that her ex-husband sought child custody, a child support order, and a domestic violence order against her. *Id.* ¶¶ 140–41. The domestic violence order was denied. *Id.*

Plaintiff was subsequently denied custody of her children in June 2016. *Id.* ¶¶ 150–53, 163–65. She states that, on August 8, 2016, her ex-husband Michael Powell filed domestic violence proceedings against her and it seems that she avoided service, *see id.* ¶¶ 148–49, 155, but that on September 7, 2016, she appeared in state court only to be restrained by bailiffs after trying to leave in the middle of proceedings. *Id.* ¶¶ 149, 157–58. On September 15, she alleges, her ex-husband maintained domestic violence proceedings against her. *Id.* ¶¶ 155, 163. In December 2016, she was issued a restraining order. *Id.* ¶ 164. Thereafter, she claims, Mr. Powell removed their children to an unidentified location on or about July 30, 2017. *Id.* ¶ 176. On or about August 29, 2017, Ms. Darling claims she was arrested and detained when she voluntarily appeared in state court. *Id.* ¶ 180. State court proceedings continued through April 2018. *Id.* ¶¶ 179–97.[2]

Plaintiff maintains that this court has jurisdiction over her claims under 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331, 1343, 1367, and she thereby mistakes this court for a United States District Court. *Id.* ¶ 16. In fact, at one point in her complaint, it appears that plaintiff mistakes this Court for the United States District Court for the Eastern District of California. *Id.* ¶ 18. Substantively, Ms. Darling alleges the following in the span of 17 causes of action totaling 21 counts: child abduction; battery; false imprisonment; negligence; negligent infliction of emotional distress; fraud and intentional deceit; civil rights violations (citing 42 U.S.C. § 1983); conspiracy to interfere with civil rights (citing 42 U.S.C. § 1985); neglect to prevent civil rights violations (citing 42 U.S.C. § 1986); establishment of

---

[2] This matter is related to numerous other cases where Ms. Darling is either the plaintiff or defendant. *See, e.g., Darling v. Powell*, No. 2:17-01692, 2017 WL 3537398 (E.D. Ca. Aug. 17, 2017); *Powell v. Darling*, No. 2:17-0392, 2017 WL 2257139 (E.D. Ca. May 23, 2017).

policies which violate constitutional rights;[3] violations of California civil rights law, intentional infliction of emotional distress; stalking; false endorsement and unfair competition (citing the Lanham Act, 15 U.S.C. §§ 1116, 1117); and conspiracy more broadly. *Id.* ¶¶ 200–347.

Throughout her complaint, plaintiff also alleges multiple violations of the U.S. Constitution. In a cursory fashion, plaintiff alleges violations of her Fifth, Sixth, and Ninth Amendment rights. *Id.* ¶ 13. But the bulk of her constitutional arguments seem to repeatedly rest on alleged violations of the Fourth Amendment right to be free from unreasonable search and seizure, *id.* ¶¶ 267–69, 282, 284–85, 289, 293, 297, 304, 340, and the Fourteenth Amendment's equal protection clause, due process clause, and "right to familial association," *id.* ¶¶ 201–06, 212–17, 224–30, 252–58, 273–79, 285, 289, 293, 297, 304, 340.[4]

The United States has filed a motion to dismiss the complaint on two bases: plaintiff fails to name any defendant over whom this court has jurisdiction and plaintiff fails to allege any cause of action which the court has jurisdiction to entertain. *See* Def.'s Mot at 1, 3–9. In response, Ms. Darling raises a number of what she calls "affirmative defenses," which include arguments traditionally made by defendants. She raises these "affirmative defenses" in a manner that both undermines her original complaint and fails to address defendant's motion to dismiss. *See* Answer to Mot. to Dismiss (Pl.'s Resp.), ECF No. 8 (arguing, *inter alia*, that defendant fails to state a cause of action; that the doctrines of *res judicata* and collateral estoppel somehow barred defendant's motion; that defendant is an improper party; that the named defendants somehow consented and waived any objections to the merits of the complaint; and that the motion was not ripe). She

---

[3] Plaintiff is seemingly invoking *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in which the Supreme Court held that a local government constitutes a "person" subject to suit under 42 U.S.C. § 1983, as do local government officials acting in their official capacity, when the constitutional deprivation arises from a government custom. *See* Compl. ¶¶ 296–300.

[4] Presumably, plaintiff has in mind the line of cases that includes the Supreme Court's decision in *Troxel v. Granville*, 530 U.S. 57, 65 (2000), finding that "the interests of parents in the care, custody, and control of their children---is perhaps the oldest of the fundamental liberty interests recognized by this Court." Relevant to California, the Ninth Circuit Court of Appeals ruled in *Kraft v. Jacka* that this right of intimate association is properly within the Fourteenth Amendment, rather than the First Amendment. 872 F.2d 862, 871–72 (9th Cir. 1989). *See also IDK, Inc. v. Clark County*, 836 F.2d 1185, 1192 (9th Cir. 1988) (noting that "the Supreme Court has most often identified the source of the protection as the due process clause of the fourteenth amendment, not the first amendment's freedom to assemble").

does contend, however, that federal agencies should have controlled the behavior of California's government officials. In her own words, "[t]he Office of Personnel Management, Department of the Treasury, Department of Health and Human Services, Department of Education, or other authority with the power to control the office is the real party in interest for Causes One, and applicable subsequent causes." Pl.'s Resp. ¶ 14. Defendant's reply, therefore, reiterates the twofold argument raised in the motion to dismiss. *See* Reply to Response to Motion to Dismiss (Def's Reply), ECF No. 9. Though plaintiff identifies federal agencies in the course of making her arguments, defendant rightly notes that "Ms. Darling has not alleged any wrongdoing by the United States." *Id.* at 1.

## II. DISCUSSION

### A. Standard of Review

Under RCFP 12(b)(6), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Though a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Schirripa v. United States*, No. 1:16-01073, 2018 WL 4049126, at *1 (Fed. Cir. Aug. 24, 2018) (relying on *Erickson*); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. Mar. 7, 2018), this lenient standard will not spare claims from dismissal which fall outside this court's jurisdiction by failing to either establish a breach of contract by the federal government or identify a money-mandating law which was allegedly violated by the federal government. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). A plaintiff's *pro se* status does not relieve her of the obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

Even if the plaintiff asserts claims that fall within the court's jurisdiction, she must still present a valid claim on which the court can grant relief. *See* RCFC

12(b)(6). Notably, "[w]hen considering a motion to dismiss a case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor." *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014) (citing *Scheuer*, 416 U.S. at 236; *Pixton*, 291 F.3d at 1326; *Englewood Terrace Ltd. P'ship v. United States*, 61 Fed. Cl. 583, 584 (2004)). Granting a motion to dismiss a case for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B. Analysis

### *1. Claims Against Defendants Other Than the United States*

On the face of the complaint, it appears plaintiff seeks to bring suit against a vast host of California officers, judges, attorneys, and other state personnel. Compl. at 1. These include Placer County, the Placer County Department of Child Support Service, Sacramento County, the Sacramento County Department of Child Support Services, the Sacramento County Public Defender, at least one Sacramento County healthcare professional, numerous state attorneys, the Citrus Heights Police Department, the Sacramento Sheriff's Department, the Rancho Cordova Police Department, the Department of Education/Folsom Cordova Unified School District, school officials, a notary public, and unnamed individuals captioned as "DOES 1 through 500 inclusive." *Id.* ¶¶ 22–133.[5]

Notably, plaintiff does not list the United States as a defendant. As is common in cases brought by *pro se* plaintiffs, Ms. Darling misunderstands the purpose of this court's jurisdiction. The Tucker Act grants this court jurisdiction over cases seeking damages against the *United States* government for claims founded upon the Constitution, statutes, or regulations of the United States, as well as damages for breaches of contracts with the United States. 28 U.S.C. § 1491(a)(1). Even in cases where the United States is named as a defendant, Congress has specifically withheld from our subject-matter jurisdiction cases for damages sounding in tort or cases that allege crimes committed against the plaintiff. *Id.*; *Stanwyck v. United States*, 127 Fed. Cl. 308, 312–14 (2016).

As Ms. Darling's complaint is directed at conduct by state officials and private parties, this court lacks authority to hear the matter. *Vlahakis v. United*

---

[5] Plaintiff names "DOES" 3 through 87, but fails to identify the other "DOES." *See* Compl. ¶¶ 49–132. Curiously, she even named her ex-husband, Michael James Powell, as a "DOE defendant." *Id.* ¶ 118.

*States*, 215 Ct. Cl. 1018, 1018–19 (1978); *see also Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004) (explaining that this court lacks jurisdiction over private parties). In general, "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United State*, 117 Fed. Cl. 330, 331 (2014); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (explaining that this court cannot hear claims against "states, localities, state and local government officials, state courts, state prisons, or state employees."). In the present case, plaintiff does not name the United States as a defendant. She only names various individuals and state and local employees of California and several of its counties. *See* Compl. Plaintiff's allegations thus fall outside our jurisdiction.

Plaintiff argues that the Office of Personnel Management, the Department of the Treasury, the Department of Health and Human Services, the Department of Education, and other federal agencies should be real parties in the present case because they control (or should have control over) the various California defendants. Pl.'s Resp. ¶ 14. But no action by a federal agency, nor any failure by a federal agency to perform a required, money-mandating duty, is alleged.[6]

Further, Ms. Darling would have this court review the correctness of state-court decisions---as if this court were an appellate court. *See, e.g.,* Compl. ¶¶ 138, 144, 147–50, 163–81. Specifically, she is under the impression that this court has an "exclusive or proper jurisdiction entitling [her] claims or causes" and is capable of reviewing legal defects in California state and local court decisions. Pl.'s Resp. ¶ 20. But this court has no such power. Our court is unable to review the correctness of decisions by other courts. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *Robinson v. United States*, 135 Fed. Cl. 556, 558 (2017); *Hernandez v. United States*, 96 Fed. Cl. 195, 203 (2010) ("This court does not have jurisdiction to review the decisions of [the state-court judge] who presided over plaintiff's criminal case or related allegations of ineffective counsel during the prosecution of plaintiff's criminal case."); *Burlison v. United States*, 75 Fed. Cl. 736, 741 (2007) (explaining that this court had no authority to review the disposition of a state court domestic relations matter).

---

[6] In limited situations, the federal government may be liable for the actions of state agents, but this is not such a case. *See Rose Acre Farms, Inc. v. United States*, 373 F.3d 1177, 1196 (Fed. Cir. 2004) (noting that attribution of state acts to the federal government "is proper . . . only if the state officials were acting as agents of the federal government or pursuant to federal authority.") (citing *B & G Enterprises, Ltd., v. United States*, 220 F.3d 1318, 1323–24 (Fed. Cir. 2000). *See also, e.g., Hassan v. United States*, 41 Fed. Cl. 149, 150 (1998).

Similarly, plaintiff appears to ask this court to set aside the judgments of California state courts, presumably under RCFC 60(b). Compl. ¶¶ 1–14. Plaintiff misunderstands this rule, no doubt because she is proceeding without counsel. Under RCFC 60, our court may only set aside one of its own prior judgments and not those of other courts. *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015) (citing *Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972)).

Because she makes no allegation concerning anything done by any federal actor, this case does not come within our court's jurisdiction. But even if the allegations were somehow construed to implicate the United States government, she has failed to allege a matter within our jurisdiction, as explained below.

### 2. *Tort Claims*

Plaintiff seems to allege tortious conduct in several instances. *See* Compl. ¶¶ 211–65, 309–16 (complaining that various defendants engaged in battery, false imprisonment, fraud and intentional deceit, negligence, the negligent infliction of emotional distress, and the intentional infliction of emotional distress). Even if the actions of these defendants could be attributed to the federal government, the Tucker Act specifically withholds jurisdiction from this court over any claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017). Indeed, the Federal Tort Claims Act vests only the United States district courts with jurisdiction over tort claims against the United States---including those for loss of property. 28 U.S.C. § 1346(b)(1); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1366 (Fed. Cir. 2013). Thus, to the extent that Ms. Darling argues that private individuals and agents and officers of the State of California committed any of the torts she alleges, this court lacks jurisdiction to hear such claims.

### 3. *Criminal Claims*

Plaintiff raises allegations of criminal conduct which include child abduction and stalking. *See* Compl. ¶¶ 201–10, 317–23. The Tucker Act, however, does not give our court jurisdiction over criminal actions. *See* 28 U.S.C. § 1491(a)(1); *Khalil*, 133 Fed. Cl. at 392 ("This court, however, 'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'") (quoting *Joshua*, 17 F.3d at 379). While it is theoretically possible that Congress could place a money-mandating statute in the criminal code, *Stanwyck*, 127 Fed. Cl. at 314, the Court is unaware of any such provision, and plaintiff fails to cite any. Thus, insofar as Ms. Darling alleges criminal conduct, this court lacks jurisdiction over those elements of her complaint.

### *4. Constitutional Claims*

Plaintiff also asserts a variety of claims concerning a deprivation of constitutional rights. For reasons discussed below, this court lacks jurisdiction to entertain any of these claims.

Plaintiff argues that the state behavior underlying her claims "constitute violations of rights to property and to due process under the U.S. Constitution, Fourth, Fifth, Sixth, and Ninth Amendments." Compl. ¶ 13. Elsewhere, plaintiff asserts violations of her constitutional rights, civil rights, and human rights generally. *See id.* ¶¶ 8, 266–308. Some of her statements are conjectural and hyperbolic. For example, she alleges her named defendants employed a "pattern and practice of systematic human rights violations" in trying to collect debt, without supporting this accusation. *Id.* ¶ 8. The constitutional claims she asserts with the greatest frequency are alleged violations of the Fourth Amendment right to freedom from unreasonable search and seizure, *id.* ¶¶ 267–69, 282, 284–85, 289, 293, 297, 304, 340, and the Fourteenth Amendment's equal protection clause, due process clause, and "right to familial association," *id.* ¶¶ 201–06, 212–17, 224–30, 252–58, 273–79, 285, 289, 293, 297, 304, 340.

As is often the case when non-lawyers represent themselves in proceedings brought in our court, Ms. Darling misunderstands the jurisdiction that Congress has given us. Our court has not been empowered to opine on every matter involving an alleged violation of a constitutional provision. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), our jurisdiction is restricted to claims for money damages, and requires "the identification of a money-mandating law which was allegedly violated by the federal government." *Stanwyck*, 127 Fed. Cl. at 312 (citing *Mitchell*, 463 U.S. at 216–17). For jurisdiction to rest on the transgression of a constitutional provision, that provision must mandate that money be paid to particular individuals if violated. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."); *see also Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (holding that our predecessor did not have jurisdiction over "every claim involving or invoking the Constitution").

The Fourth, Sixth, Ninth, and Fourteenth Amendments lack money-mandating provisions, thereby precluding this court's jurisdiction. Insofar as the Fourth Amendment protects against searches and seizures, it is not money mandating. *See Milgroom v. United States*, 122 Fed. Cl. 779, 800 (2015) (citing cases that have consistently held that the Fourth Amendment is not money mandating, thus depriving this court of jurisdiction over Fourth Amendment claims). Neither are the Sixth, Ninth, or Fourteenth Amendments money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010)

(Sixth and Ninth Amendments).[7] To the extent that plaintiff claims any violation of the Fifth Amendment, she does not trace it back to any alleged violation committed by the federal government for which money damages are mandated. *Id.* Thus, this court lacks jurisdiction to hear plaintiff's constitutional claims.

Plaintiff moreover asserts that she and her children suffered from civil rights violations (citing 42 U.S.C. § 1983), a conspiracy to interfere with civil rights (citing 42 U.S.C. § 1985), a widespread neglect by the named defendants to prevent civil rights violations (citing 42 U.S.C. § 1986), and violations of California civil rights law. Compl. ¶¶ 266–72, 280–308. Nevertheless, Section 1983 and its related statutes do not confer jurisdiction on this court, even in claims against the United States. *See Khalil*, 133 Fed. Cl. at 392 (noting that "[i]t is well established, however, that § 1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States") (quoting *Johnson v. United States*, No. 97-5107, 1998 WL 39162, at *2 (Fed. Cir. Feb. 3, 1998)); *see also Blassingame v. United States*, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute."). Indeed, these provisions do not even apply to the federal governPment. *See Hardin v. United States*, No. 15-585C, 2015 WL 6437379, at *4 & n.5 (Fed. Cl. Oct. 22, 2015) (noting that district courts have exclusive jurisdiction over claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and that such provisions "apply to actions of state and local, *not federal*, officials.") (emphasis in original). It therefore follows that, even if plaintiff somehow attributed her civil rights claims to misconduct by the United States---which she has not done---this court would still lack jurisdiction over those claims.

### 5. *Lanham Act Claims*

Finally, plaintiff makes an unusual but creative claim that by using her name without her permission, various non-federal defendants violated the Lanham Act's prohibitions on false endorsement and unfair competition under Section 43(a). Compl. ¶¶ 324–29; 15 U.S.C. §§ 1116, 1117, 1125(a). But Congress has not given our court jurisdiction over Lanham Act claims. *See Proxtronics Dosimetry, LLC v. United States*, 128 Fed. Cl. 656, 672 (2016) (citing, *inter alia*, 15 U.S.C. § 1121(a)).

In sum, plaintiff has failed to identify any violations of federal constitutional, statutory, or regulatory provisions that mandate the payment of money by the

---

[7] Moreover, the Fourteenth Amendment is not applicable to the federal government. *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State. The claimed association in this case is between the [United States Olympic Committee] and the Federal Government. Therefore, the Fourteenth Amendment does not apply.").

United States government. Thus, the matters she raises are not within our court's jurisdiction, and her case must be dismissed.[8]

### III. CONCLUSION

Even if everything that Ms. Darling alleges is true, there is nothing that our court can do about it, as Congress has not given us jurisdiction to hear cases like hers. Our court is unable to review the decisions of state courts, or to entertain claims based on the actions of state or local governments or officials. Our power extends to cases against the United States government for non-tortious violations of federal laws that require the payment of money damages by the federal government. *See* 28 U.S.C. § 1491(a)(1). Plaintiff has not alleged anything done by the federal government, nor has she identified any money-mandating federal provision that could support our jurisdiction. For these reasons, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

*/s/ Victor J. Wolski*
VICTOR J. WOLSKI
Senior Judge

---

[8] Because the court lacks jurisdiction over plaintiff's case, there is no need to address defendant's alternative ground for dismissal under RCFC 12(b)(6).